UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY COLLINS, JEFF D. BULLY,
RICHARD BOLE, ANTHONY
DICARLO, and ANDREW J.
PAPPAS,

        Plaintiffs,

v.                                                    Case No. 2:11-CV-10460
                                                      Honorable Patrick J. Duggan

CHOI KWANG DO MARTIAL ARTS
INTERNATIONAL, INC. and
KWANG JO CHOI,

        Defendants.

_____/

## OPINION AND ORDER (1) DENYING DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND (2) GRANTING DEFENDANTS' MOTION TO DISMISS COUNT II FOR FAILURE TO STATE A CLAIM

On February 4, 2011, Plaintiffs Gary Collins, Jeff D. Bully, Richard Bole,

Anthony Dicarlo, and Andrew J. Pappas (collectively "Plaintiffs") filed this lawsuit

against Defendants Choi Kwang Do Martial Arts International, Inc. and Kwang Jo Choi

(collectively "Defendants") in this Court.  In their Complaint, Plaintiffs allege two counts:

(I) declaratory judgment pursuant to the federal Declaratory Judgment Act, 28 U.S.C.

§ 2201, that Plaintiffs are entitled to use the term "Choi Kwang Do" in connection with

their provision of martial arts services; and (II) tortious interference with business

relationships.

On May 2, 2011, Defendants filed a motion to dismiss for lack of subject matter

jurisdiction and for failure to state a claim.  Defendants challenge this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, contending that they do not possess a registered federal trademark and therefore the action could not have been filed in federal court.  Defendants further contend that Plaintiffs fail to state a claim for tortious interference with business relations.  Defendants contend that the Complaint does not allege any improper actions with respect to a third party.

On June 13, 2011, Plaintiffs filed a response in opposition to Defendants' motion.  Plaintiffs contend that this Court has original jurisdiction over its declaratory judgment claim pursuant to the Lanham Act, 15 U.S.C. § 1121(a), and 28 U.S.C. § 1331.  Plaintiffs further contend that they have stated a claim for tortious interference.

On June 27, 2011, Defendants filed a reply in further support of their motion.  On August 11, 2011, the Court held a motion hearing.

The Court will address Defendants' challenge to this Court's federal question jurisdiction first because, if Defendants are correct, the Court lacks subject matter jurisdiction to address their argument that Count II fails to state a claim.  *See Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990) (citing *Bell v. Hood*, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1946) (motion to dismiss for failure to state a cause of action may be decided only after establishing subject matter jurisdiction, because determination of the validity of the claim is, in itself, an exercise of jurisdiction)).

2

## Federal Question Jurisdiction

28 U.S.C. § 1331 provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiffs assert a claim under the federal Declaratory Judgment Act, 28 U.S.C. § 2201. The statute, however, does not confer an independent source of federal subject matter jurisdiction. *Heydon v. MediaOne of Southeast Mich., Inc.*, 327 F.3d 466, 470 (6th Cir. 2003) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671, 70 S. Ct. 876, 879 (1950) and *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240, 57 S. Ct. 461 (1937)). "A plaintiff cannot circumvent the well-pleaded complaint rule by seeking a declaratory judgment . . . if the complaint itself would not otherwise state a federal question." *Id*. Therefore, a court must already have a source of jurisdiction before it can rely on the act to grant a remedy. *Id*.

In response to Defendants' motion to dismiss, Plaintiffs rely on the Lanham Act as the source of this Court's jurisdiction. The Lanham Act provides for purposes of federal question jurisdiction:

> (a) The district and territorial courts of the United States shall have original jurisdiction . . . of all actions arising under this chapter, without regard to the amount in controversy or to diversity or lack of diversity of the citizenship of the parties.

> (b) No state or other jurisdiction of the United States or any political subdivision or any agency thereof may require alteration of a registered mark, or require that additional trademarks, service marks, trade names, or corporate names that may be associated with or incorporated into the registered mark be displayed in the mark in a manner differing from the display of such additional trademarks, service marks, trade names, or

3

> corporate names contemplated by the registered mark as exhibited in the
> certificate of registration issued by the United States Patent and Trademark
> Office.

15 U.S.C. § 1121.  Plainly stated, the Lanham Act accords federal courts original

jurisdiction over all actions arising under the Act.  Therefore, this Court has original

jurisdiction with respect to registered federal service mark disputes.  Defendants argue,

however, that they do not have a federally registered trademark, only a federal service

mark, and therefore Plaintiffs' requested declaratory judgment that relates to trademark

use does not concern Lanham Act protection.

Plaintiffs and Defendants agree that the "proper inquiry is . . . whether the

declaratory plaintiff could 'reasonably have anticipated' a federal cause of action from the

[pre-litigation] conduct of the other party."  *AmSouth Bank v. Dale*, 386 F.3d 763, 775

(6th Cir. 2004) (quoting *PHC, Inc. v. Pioneer Healthcare, Inc*. 75 F.3d 75, 78-79 (1st Cir.

1996)).  There is no dispute that Defendants do not have a registered federal "trademark"

protecting the term "Choi Kwang Do."  (Pls.' Compl. ¶ 78, Defs.' Resp. at 3.)  However,

it is further undisputed that Defendants have a registered federal service mark for their

"Choi Kwang Do" logo and the logo contains the words "Choi Kwang Do."  (*See* Pls.'

Resp. Ex. E; Pls.' Compl. ¶¶ 19, 78; Defs.' Mot. at 3.)  Further, in their Complaint,

Plaintiffs allege that Defendants sent a letter to Plaintiff Collins threatening litigation,

asserting that "'Choi Kwang Do' . . . is a federal trademark" and that Plaintiffs' use of

"Choi Kwang Do" violated Defendants' "trademark," and demanding that Plaintiffs cease

all use of the term "Choi Kwang Do." (Compl. ¶ 48.)  As Plaintiffs' counsel pointed out

4

at the motion hearing, the Complaint contains further allegations of conduct by Defendants to preclude other Plaintiffs from using the "Choi Kwang Do" mark.  (*See, e.g.,* Compl. ¶ 67.)  Based on Defendants' conduct, Plaintiffs reasonably could anticipate a federal cause of action from Defendants' attempt to protect their registered federal service mark and/or interest in the term "Choi Kwang Do."[1]

The Court therefore concludes that it has federal question jurisdiction in this matter.  It therefore rejects Defendants' objection to this Court's federal question jurisdiction.

### Motion to Dismiss for Failure to State a Claim

Defendants argue that Plaintiffs fail to set forth sufficient allegations in their Complaint to state a claim for tortious interference (Count II).  Defendants therefore seek dismissal of Count II pursuant to Federal Rule of Civil Procedure 12(b)(6).

### Standard for Motion to Dismiss for Failure to State a Claim

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint.  *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).  Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it

---

[1]Whether the federal registered service mark prevents use of "Choi Kwang Do" or the Lanham Act otherwise protects Defendants' interest in the term goes to the merits of Plaintiffs' request for declaratory judgment rather than whether this Court's has subject matter jurisdiction.

5

must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . .." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 555, 570, 127 S. Ct. 1955, 1964-65, 1974 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v Iqbal*, – U.S. – , 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1966).

As the Supreme Court recently provided in *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence if illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965

In deciding whether a plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Id.; see also Erickson v Parus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal*, 129 S. Ct. at 1949. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965-65).

### Plaintiffs' Claim for Tortious Interference (Count II)

6

To establish tortious interference, a plaintiff must prove:

(1) the existence of a valid business relation (not necessarily evidenced by an enforceable contract) or expectancy; (2) that [the] defendant knew of the business relationship; (3) that [the] defendant intentionally interfered by improperly inducing or causing a breach or termination of the relationship or expectancy; and (4) that [the] defendant's improper or unjustified interference resulted in injury to the plaintiff.

*Monette v. AM-7-7 Baking Co., Ltd.*, 929 F.2d 276, 281 (6th Cir. 1991); *Lakeshore Cmty. Hosp., Inc. v. Perry*, 212 Mich. App. 396, 401, 538 N.W.2d 24, 27 (Mich. Ct. App. 1995). As the Sixth Circuit further elaborated in *Monette*: "'One is liable for commission of [tortious interference] who interferes with business relations of another, both existing and prospective, by inducing a third person not to enter into or continue a business relation with another or by preventing a third person from continuing a business with another.'" 929 F.2d at 281 (quoting *N. Plumbing & Heating, Inc. v. Henderson Bros.*, *Inc.*, 83 Mich. App. 84, 92, 268 N.W.2d 296, 299 (Mich. Ct. App. 1978)).

In support of their tortious interference claim, Plaintiffs assert:

85.     Defendants are aware that Plaintiffs have no anti-competitive restrictions which prohibit them from teaching CKD, a form of martial art that they have paid to learn and practice over several years.

86.     Defendants are also aware that they do not have trademark protection, but only logo protection for their organization.

87.     Despite this knowledge, Defendants have actively engaged in conduct that was designed to harm Plaintiffs' business relationships with their students by falsely misrepresenting that Plaintiffs were prohibited from teaching CKD or using CKD.

88.     Defendants' conduct was undertaken with malice aforethought, and with the specific intention of harming the Plaintiffs.

7

(Compl. ¶¶ 85-88.)  Elsewhere in their Complaint, Plaintiffs again assert that Defendants

falsely misrepresented that Plaintiffs are prohibited from teaching or using "Choi Kwang

Do."  (Compl.  ¶¶ 48, 53.)  Plaintiffs fail to allege anywhere in their Complaint that

Defendants made these statements to a third party.  Rather, the alleged false

misrepresentations were made to Plaintiffs directly.  Again, "[u]nder Michigan law, one is

liable for commission of interference . . . if he or she interferes with business relations of

another, both existing and prospective, *by inducing a third person* not to enter into or

continue business relation with another or *by preventing a third person* from continuing

business with another."  *Monette*, 929 F.2d at 281 (emphasis added).

Plaintiffs do allege that Defendants told Plaintiff Bully's students that the belts

they received were "no good."  (Compl.¶ 35.)  However, even though this statement

purportedly was made to third parties, Plaintiffs fail to allege facts to support that it was

"improper."  As provided above, the interference must "*improperly* induc[e] or caus[e] a

breach or termination of the relationship or expectancy."  *Monette*, 929 F.2d at 281

(emphasis added).  An "improper" interference is "illegal,unethical, or fraudulent."

*Weitting v McFeeters*, 104 Mich. App. 188, 198, 304 N.W.2d 525, 530 (Mich. App.

1981).  "In the absence of any allegation that . . . defendants . . . did anything illegal,

unethical, or fraudulent," a claim for tortious interference fails.  *Id*.

In short, Plaintiffs' allegations in support of their tortious interference claim relate

to Defendants' conduct toward Plaintiffs only, not third persons.  Plaintiffs fail to allege

facts to suggest that any statement made to a third-party was "improper."  The Court

8

therefore concludes that, in regards to Count II, Plaintiffs fail to state a claim upon which relief may be granted.

## Conclusion

For the above reasons, the Court finds that it has subject matter jurisdiction over this matter. The Court also finds that Plaintiffs' Complaint fails to set forth factual allegations to support their tortious interference claim (Count II).

Accordingly,

**IT IS ORDERED**, that Defendants' motion to dismiss for lack of subject matter jurisdiction is **DENIED**;

**IT IS FURTHER ORDERED**, that Defendants' motion to dismiss Count II for failure to state a claim is **GRANTED**.

Date: August 15, 2011                    s/PATRICK J. DUGGAN
                                         UNITED STATES DISTRICT JUDGE

Copies to:

Erik G. Chappell, Esq.
Bryan G. Harrison, Esq.
Carl F. Jarboe, Esq.

9